**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ricky Lamont Esaw, Appellant.

Appellate Case No. 2017-002213

———————————

Appeal From Lexington County
Thomas W. Cooper, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2019-UP-353
Submitted October 1, 2019 – Filed November 6, 2019

———————————

**AFFIRMED**

———————————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown, and Assistant Attorney General W. Joseph Maye, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("The trial court is required to charge only the current and correct law of South Carolina."); S.C. Const. art. V, § 21 ("[Trial courts] shall not charge juries in respect to matters of fact, but shall declare the law."); *State v. Green*, 412 S.C. 65, 77, 770 S.E.2d 424, 431 (2015) ("[The defendant's] request to charge the jury that '[i]dentification by a person of a different race may be less reliable than identification by a person of the same race' would have been improper because it would have asked the jury to place less weight on [the v]ictim's testimony because he was of a different race than [defendant].").

**AFFIRMED.**[1]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.